UNITED STATES DISTRICT COURT
FOR THE DISTRIC OF COLUMBIA

UNITED STATES OF AMERICA,   :

      v.   :   NO. CR 18-105 (PLF)

SAMIRA JABR.   :

      Defendant.   :

DEFENDANT'S REPLY RE: MOTION
FOR JUDGMENT OF ACQUITTAL

Defendant, Samira Jabr, hereby files this reply to the government's opposition, filed on August 31, 2018, to Ms. Jabr's motion for judgment of acquittal.

## DISCUSSION

This Court heard all the evidence in the case on August 14, 2018, as well as argument on August 15, 2018, regarding Ms. Jabr's motion for judgment of acquittal that she had filed on that day. The Court then set a schedule for further briefing.[1] This reply addresses the issues raised in the government's memorandum, as well as an additional issue.

## ARGUMENT

**I.   LEGAL STANDARD**

The government begins its analysis of the issues (GM 3-4)[2] by falsely stating the legal standard that governs this Court's decision. It cites two cases, *United States v.*

---

[1] Ms. Jabr apologizes for filing this reply one business day late. Unforeseen personal circumstances and professional ones of both her counsel are the reason.

[2] "GM" refers to the government's memorandum in opposition.

1

*Kayode*, 254 F.3d 204, 212 (D.C. Cir. 2001); and, *United States v. Treadwell*, 760 F.2d 327, 333 (D.C. Cir. 1985), claiming that the Court should view the "evidence in the light most favorable to the government" (GM 3-4).  Those cases state the standard of review after a *jury* has found a defendant guilty and the defendant claims on *appeal* that the evidence was insufficient to support the conviction.  The government apparently fails to recognize that Ms. Jabr waived a jury trial, to which the government consented.  It is truly astonishing for the government to claim that the evidence should be viewed in the light most favorable to it.  There is perhaps no more fundamental proposition in criminal law than that the government must "prove that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." *United States v. Gaudin*, 515 U.S. 506, 510 (1995).  That burden does not allow the Court to view the evidence in the light most favorable to the government, as the government falsely claims, but requires the government to meet its burden.  The government's disingenuous attempt to have the Court apply a different rule reflects the lack of integrity in its arguments.

## II.      JURISDICTION

After presenting its evidence, it turns out that the information filed by the government states nothing more than a local D.C. Code offense, and thus this Court is without jurisdiction to rule on this case and must dismiss it.

The information filed on April 23, 2018, charges Ms. Jabr with knowingly entering and remaining in a restricted building, specifically the "White House Complex and United States Department of Treasury Building and Grounds."  As detailed in Ms. Jabr's original motion, and as testified to by the government's own witness, neither of

those is a federal offense.  The federal statute makes it an offense only to enter or remain in "any posted, cordoned off, or otherwise restricted area" of "the White House or its grounds."  The areas named in the information are not within the specific Congressional definition.  They might be charged under local trespassing laws, but this court is without jurisdiction to resolve such matters.  "Challenges to a district court's subject-matter jurisdiction can never be waived," even by a guilty plea, "[n]or can such challenges be forfeited."  *United States v. Mosquera-Murillo*, 2018 WL 4050250 at *3 (D.C. Cir. Aug. 24, 2018).

In the present case, there is no federal offense properly charged, but only a D.C. Code offense.  This Court has no jurisdiction over an information which charges only local offenses, and thus no "power to adjudicate this case."  *United States v. Koritko*, 870 F.2d 738, 741 (D.C. Cir. 1989).  The Court should, therefore, dismiss the information.

**III.    WHITE HOUSE GROUNDS**

Despite the testimony of the witnesses, and the exhibits attached to Ms. Jabr's motion for judgment of acquittal, the government continues to contend that the Treasury Building and its grounds are within the statutory definition of the "White House or its grounds" (GM 7-8).

Incredibly, the government argues that the very specific statutory definition in § 1752 (c) of the meaning of "restricted building or grounds" does not mean what it says, but instead somehow includes the "courtyard and steps of the Treasury Department Building" (GM 7).  This argument, which is "simply nonsensical," *United States v. Pollard*, 416 F.3d 48, 55 (D.C. Cir. 2005), is essentially that the specific definition in the

3

statute should be ignored and that the Court should instead rewrite the statute to include what it does not.

The government has also submitted with its motion a declaration of James Murray, the Assistant Director of the Secret Service. The government had definitively rested its case, yet is now attempting to introduce more evidence. The Court should strike the declaration for what it is -- an attempt to improperly introduce further evidence into the record. This disingenuous attempt demonstrates that the government itself recognizes the deficiencies in the case it presented.

In addition, Murray's declaration is a classic testimonial document, despite the fact that the government rested its case. Because there can be no dispute that Murray's declaration is testimony, and because it was not subject to cross-examination, it would violate Ms. Jabr's Confrontation Clause rights for the Court to consider it. See *United States v. Smith*, 630 F.3d 358, 362-64 (D.C. Cir. 201) (Kavanaugh, J.). Indeed, trial by affidavit (or declaration) was the main evil against which the Confrontation Clause was enacted to prevent. See *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 315-17 (2009).

In any event, Murray's declaration essentially claims that the Secret Service can overrule Congress's specific statutory definition, based on the "view" of the Secret Service. That is not how the criminal law works.

## IV.    ATTEMPT

Whatever the merits of the government's argument regarding an attempt, because, as discussed above, the information charges only a local D.C. violation, not a federal offense, the attempt discussion is all irrelevant.

Moreover, Ms. Jabr's statements during her interview were that she wanted to talk to President Trump about what she believed was a conspiracy between casinos and the police. She mentioned nothing about entering or remaining in the restricted area of the White House grounds. It is true that she impulsively stepped over the fence and the gate, but that is not sufficient to prove that she attempted to *knowingly* intend to enter or remain in a restricted area. Her statements were that she wanted to talk to President Trump about the conspiracy. She took no "substantial step in a course of conduct planned to culminate in [her] commission of the crime." *United States v. Duran*, 96 F.3d 1495, 1507-08 (D.C. Cir. 1996).

## V.     "WITHOUT LAWFUL AUTHORITY"

The government relies upon the tape of Ms. Jabr's interview (GM 10-11) to claim that it proved she was "without lawful authority" to climb over the fence and the gate. The main problem with this argument is that Ms. Jabr said no such thing. In addition, by relying on Ms. Jabr's statement, the government effectively admits that it presented no such evidence from its witnesses. That is not surprising because the government never asked any of its witnesses or presented any evidence that Ms. Jabr was without lawful authority. The fence and gate over which she stepped[3] contained no signs saying that entry was prohibited or restricted.

This area is unlike the perimeter fence of the White House and its grounds, which is several times higher, is an "imposing fence and manned by scores of Secret Service

---

[3] Ms. Jabr is relatively short, but she was able to step over the fence and the gate fairly easily.

agents." *United States v. Caputo*, 201 F.Supp.3d 65, 72 (D. D.C. 2016).  In the video played by the government in its case, there are *no* Secret Service agents manning the fence and gate over which she stepped.

The fact that Ms. Jabr was arrested (GM 11) likewise fails to prove this element. Apparently, the government believes that if someone is arrested they are guilty. Assuming that the arrest was legal, all it shows is that there was probable cause to believe she committed an offense, not proof beyond a reasonable doubt -- a concept the government appears unable to grasp.

## **CONCLUSION**

For all the above reasons, and for those set forth in her original motion, Ms. Jabr respectfully requests that the Court dismiss the information or, alternatively grant the motion for judgment of acquittal.

Respectfully submitted,

_____"/s/"_____
A.J. KRAMER
FEDERAL PUBLIC DEFENDER
CELIA GOETZL
ASSISTANT FEDERAL PUBLIC DEFENDER
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.   20004
(202) 208-7500
a._j._kramer@fd.org